IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CANDY HOLCOMBE**                                                        **PLAINTIFF**

vs.                                    No. 5:22-cv-5161-TLB

**MIDWEST OUTDOOR CONCEPTS, LLC,**                          **DEFENDANTS**
**TOP SHOT SERVICES, LLC,**
**and JOSEPH HATFIELD**

## ORIGINAL COMPLAINT

Plaintiff Candy Holcombe ("Plaintiff"), by and through undersigned counsel, for her Original Complaint ("Complaint") against Defendants Midwest Outdoor Concepts, LLC, Top Shot Services, LLC, and Joseph Hatfield (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I.     PRELIMINARY STATEMENTS

1.     Plaintiff brings this action against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA"), and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* ("ACRA").

2.     Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's failure to pay Plaintiff overtime wages under the FLSA and the AMWA within the applicable statutory limitations period.

3.     Plaintiff seeks compensatory damages, punitive damages, costs and a reasonable attorneys' fees as a result of Defendant's discrimination against her based on a disability pursuant to the ACRA.

4.     Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.    JURISDICTION AND VENUE

4.     The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.     Plaintiff's claims under the AMWA and the ARCA form part of the same case or controversy and arise out of the same facts as the FLSA claims. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA and ARCA claims pursuant to 28 U.S.C. § 1367(a).

6.     Defendants conduct business within the State of Arkansas.

7.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

8.     Plaintiff was employed at Defendants' business in Rogers. Therefore, the acts and omissions alleged in this Complaint had their principal effect within the Fayetteville Division of the Western District of Arkansas and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.     THE PARTIES

10.     Plaintiff is an individual and resident of Benton County.

11.     Separate Defendant Midwest Outdoor Concepts, LLC ("MOC"), is a domestic limited liability company.

12.     MOC's registered agent for service of process is Lauren Hatfield at 24455 Honey Creek Road, Sulphur Springs, Arkansas 72768.

13.     Separate Defendant Top Shot Services, LLC ("Top Shot"), is a domestic limited liability company.

14.     Top Shot's registered agent for service of process is Joseph Hatfield at 24455 Honey Creek Road, Sulphur Springs, Arkansas 72768.

15.     Separate Defendant Joseph Hatfield ("Hatfield") is an individual and resident of Arkansas.

16.     Defendants, in the course of business, maintain a website at https://www.midwestoutdoorconcepts.com/.

### IV.     FACTUAL ALLEGATIONS

17.     Hatfield is a principal, director, officer, and/or owner of MOC and Top Shot.

18.     Hatfield, in his role as an operating employer of MOC and Top Shot, had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

19.     Hatfield took an active role in operating MOC and Top Shot and in the management thereof.

20.     During the relevant time, Defendant had at least two employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, such as vehicles and fuel.

21.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

22.     Plaintiff, in the ordinary course of her employment, handled and used instrumentalities of interstate commerce such as the internet and cell phones.

23.     Within the two years preceding the filing of this lawsuit, Defendant has continually employed at least four employees.

24.     Defendants employed 9 or more employees in the State of Arkansas in at least twenty weeks within the past two years.

25.     Defendant was, at all times relevant hereto, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA and the AMWA.

26.     Defendants employed Plaintiff from August of 2020 until May of 2022.

27.     Defendants employed Plaintiff as a Project Coordinator.

28.     Plaintiff performed work for both MOC and Top Shot during the relevant time period.

29.     Plaintiff regularly performed work for both MOC and Top Shot within a single day.

30.     Hatfield oversaw Plaintiff's work, both when she was performing work for MOC and when she was performing work for Top Shot.

31.     Plaintiff received her paychecks from MOC.

32.     Upon information and belief, the revenue generated from MOC and Top Shot was merged and managed in a unified manner.

33.     Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA and the AMWA and paid her a salary.

34.     As a Project Coordinator, Plaintiff's primary duties were to communicate with clients and act as a liaison between client and the project manager.

35.     Plaintiff's duties were the same or similar whether she was performing them for MOC or Top Shot.

36.     At all relevant times herein, Defendants directly hired Plaintiff to work on their behalf, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

37.     Plaintiff did not have the authority to hire or fire other employees, nor were her recommendations as to hiring or firing given particular weight.

38.     Plaintiff did not exercise discretion or independent judgment as to matters of significance.

39.     Plaintiff's duties were rote and routine, and she sought input from supervisors when her duties were not rote or routine.

40.     In carrying out her duties, Plaintiff followed the processes put in place by Defendants and others.

41.     Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

42.     Plaintiff did not customarily or regularly direct the work of at least two or more other full-time employees or their equivalent as her primary duty.

43.     At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

44.     Plaintiff regularly worked more than 40 hours per week during the relevant time period.

45.     Defendants did not pay Plaintiff 1.5x her regular rate for hours worked over 40 each week.

46.     Defendants did not provide Plaintiff with a time keeping system by which Plaintiff could keep track of her time.

47.     Defendants assigned Plaintiff so much work that she was generally unable to complete it in less than forty hours per week.

48.     Defendants knew or should have known that Plaintiff worked hours over 40 in at least some weeks.

49.     At all relevant times herein, Defendants have deprived Plaintiff of regular wages and overtime compensation for all hours worked.

50.     The net effect of Defendants' practices and policies regarding Plaintiff's job duties and pay, as described above, is that Defendants intentionally misclassified her as a salaried employee in order to avoid paying her an overtime premium for hours worked over 40 each week.

51.     Defendants made no reasonable efforts to ascertain and comply with applicable law.

52.     Defendants knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

53.     On April 14, 2022, Plaintiff was diagnosed with breast cancer.

54.     Breast cancer is a physical impairment which substantially limits a major life function.

55.     On April 19, 2022, Plaintiff notified Defendants of her diagnosis.

56.     On May 16, 2022, Defendant terminated Plaintiff's employment.

57.     Defendants terminated Plaintiff because of her breast cancer diagnosis.

58.     Defendants' stated reason for terminating Plaintiff's employment was that she was insubordinate and had created a toxic work environment. This was a pretext.

59.     In other words, there was no legitimate reason for Plaintiff's termination from her employment, but rather Plaintiff's employment was terminated based solely on Plaintiff's disability.

60.     Defendants discriminated against Plaintiff on the basis of her disability.

61.     Defendants deprived Plaintiff of the right to obtain and hold employment without discrimination.

## V.      FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

62.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

63.     At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

64.     At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

65.     29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over 40 each week, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

66.     During the period relevant to this lawsuit, Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

67.     Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendants failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

68.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

69.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI.    SECOND CAUSE OF ACTION—VIOLATION OF THE AMWA

70.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

71.     At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

72.     Sections 210 and 211 require employers to pay employees a minimum

wage for all hours worked up to 40 and to pay 1.5x regular wages for all hours worked over 40 in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

73.    Despite the entitlement of Plaintiff to lawful overtime wages under the AMWA, Defendants failed to pay Plaintiff lawful overtime wages for all hours worked over 40 each week.

74.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

75.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, pursuant to Ark. Code Ann. § 11-4-218.

## VII.    THIRD CAUSE OF ACTION—VIOLATION OF THE ACRA

76.    Plaintiff brings this action against Defendants under the ACRA, Ark. Code Ann. § 16-123-101, *et seq.*

77.    Defendants intentionally discriminated against Plaintiff on the basis of her disability in violation of A.C.A. § 16-123-107.

78.    As more fully described hereinabove, Defendants improperly considered Plaintiff's disability as a motivating factor in terminating Plaintiff's employment.

79.    As a result of Defendants' violations of the ACRA, Plaintiff seeks injunctive relief, front pay, back pay, attorney's fees and costs, compensatory damages for any past or future out-of-pocket losses and any emotional harm, and punitive damages.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Candy Holcombe respectfully prays that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, the ACRA and their related regulations;

B.     Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

C.     Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA and their related regulations;

D.     Judgment for reinstatement under the ACRA and its related regulations;

E.     Judgment for compensatory and punitive damages under the ACRA and its related regulations;

F.     An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

G.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF CANDY HOLCOMBE**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Patrick Wilson
Ark. Bar No. 2021311
patrick@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com