IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CANDY HOLCOMBE**                                                                                           **PLAINTIFF**

V.                                              **CASE NO. 5:22-CV-5161**

**MIDWEST OUTDOOR CONCEPTS, LLC;**
**TOP SHOT SERVICES, LLC;**
**and JOSEPH HATFIELD**                                                                              **DEFENDANTS**

### OPINION AND ORDER

Separate Defendant Top Shot Services, LLC moves to dismiss all claims against it under Federal Rule of Civil Procedure 12(b)(6). *See* Doc. 24. Top Shot argues that the Amended Complaint (Doc. 18) fails to state facts showing that Top Shot was Plaintiff Candy Holcombe's joint employer under the Fair Labor Standards Act ("FLSA"), the Arkansas Minimum Wage Act ("AMWA"), or the Arkansas Civil Rights Act ("ACRA"). Ms. Holcombe opposes the Motion. *See* Doc. 26.

According to the Amended Complaint, Ms. Holcombe had three employers: Joseph Hatfield, Midwest Outdoor Concepts, LLC ("MOC"), and Top Shot. Mr. Hatfield is alleged to be the principal, director, officer, and/or owner of both MOC and Top Shot. Ms. Holcombe claims she performed work for both companies frequently—even on the same day. *See* Doc. 18, ¶ 29. She maintains that Mr. Hatfield oversaw her work for both companies. Although Ms. Holcombe agrees she "received her paychecks from MOC," she also states that "the revenue generated from MOC and Top Shot was merged and managed in a unified manner." *Id.* at ¶¶ 31–32. Therefore, she contends her "duties were the same or similar whether she was performing them for MOC or Top Shot" and that she did, in fact, perform duties for the benefit of both MOC and Top Shot. *Id.* at ¶ 35.

1

Ms. Holcombe believes Mr. Hatfield misclassified her as a salaried employee and deprived her of minimum wage and overtime benefits she would have been entitled to under the FLSA and AMWA had she been classified properly. She claims she "regularly worked more than 40 hours per week" for Mr. Hatfield, MOC, and Top Shot. *Id.* at ¶ 44. In addition, she maintains she was fired about a month after she disclosed to her employers that she had been diagnosed with breast cancer. *Id.* at ¶¶ 53–56. She therefore surmises that the true reason she was fired was due to her medical diagnosis, in violation of the ACRA.

To survive a motion to dismiss, a complaint must provide "a short and plain statement of the claim that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept all of a complaint's factual allegations as true and construe them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

Whether an entity is an employer under the FLSA and AMWA is one of "economic reality," which requires the court to consider the following factors: (1) the employer's right to control the nature and quality of the work; (2) the employer's right to hire or fire; and (3) the source of compensation for the plaintiff's work. *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 961 (8th Cir. 2015). Based on the allegations of the Amended Complaint, the Court finds that Ms. Holcombe has plausibly alleged that all three Defendants controlled the nature and quality of her work, had the right to hire or fire her,

and provided the source of compensation for her work. Though only MOC's name appeared on her paychecks, Ms. Holcombe asserts that she performed work for MOC and Top Shot individually and that Mr. Hatfield directed her to perform work for both companies.

Turning now to the ACRA claim, an allegation of disability discrimination is evaluated using "the same principles employed in analyzing claims under the Americans with Disabilities Act." *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490 (8th Cir. 2002). The ADA's definition of "employer" is broad and tracks that of Title VII. *Compare* 42 U.S.C. § 12111(5)(A) *and* 42 U.S.C. § 2000e(b). In analyzing whether separate entities constitute an integrated employer, the Eighth Circuit advises that the following factors should be considered: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations; and (4) common ownership or financial control. *Baker v. Stuart Broad. Co.*, 560 F.2d 389, 392 (8th Cir. 1977). Facts supporting all four factors appear in the Amended Complaint. Therefore, the Court finds that Ms. Holcombe has plausibly stated a claim under the ACRA against all three of her employers, including Top Shot.

Although Top Shot's Motion contains facts intended to show it was not Ms. Holcombe's employer—because of the economic realities of the employment situation or the lack of common management and control, *see, e.g.,* Doc. 25, p. 3—the Court cannot consider those facts without converting the Motion to Dismiss into one for summary judgment, which the Court declines to do.

**IT IS THEREFORE ORDERED** that separate Defendant Top Shot's Motion to Dismiss (Doc. 24) is **DENIED**.

IT IS SO ORDERED on this \_\_18th\_\_ day of November, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE