IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CANDY HOLCOMBE**                                                                                          **PLAINTIFF**

V.                                              **CASE NO. 5:22-CV-5161**

**MIDWEST OUTDOOR CONCEPTS, LLC;**
**TOP SHOT SERVICES, LLC;**
**and JOSEPH HATFIELD**                                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Attorneys' Fees and Memorandum Brief in Support (Docs. 37 & 38) filed by Plaintiff Candy Holcombe. Defendants Midwest Outdoor Concepts, LLC, Top Shot Services, LLC, and Joseph Hatfield jointly filed a Response in Opposition (Doc. 39), Plaintiff filed a Reply (Doc. 43), and Defendants filed a response to the Reply (Doc. 44). Plaintiff seeks $9,787 in attorneys' fees and $609 in costs accrued by her counsel at the Sanford Law Firm. The Court finds this matter ripe for decision and **GRANTS IN PART AND DENIES IN PART** the Motion for Attorneys' Fees (Doc. 37).[1]

## I. BACKGROUND

On August 8, 2022, Plaintiff filed claims under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA") against all three Defendants. Plaintiff's original complaint (Doc. 2) also included a discrimination claim under the Arkansas Civil Rights Act ("ACRA") against all Defendants, including separate Defendant Joseph Hatfield. Defendants Hatfield and Top Shot each filed a motion to dismiss for failure to state a claim (Docs. 10 & 11). On October 12, Plaintiff filed an Amended

---

[1] Plaintiff also requests oral argument in this matter. The Court finds the briefing adequate and agrees with Defendants that oral argument is unnecessary.

1

Complaint (Doc. 18) dropping the ACRA claim against Hatfield and a separate response in opposition (Doc. 19) to Top Shot's motion to dismiss. The Amended Complaint rendered moot all pending motions. Top Shot then renewed its motion to dismiss (Doc. 24), and Plaintiff resubmitted her response in opposition (Doc. 26). The Court denied the motion on November 18, 2022. *See* Doc. 30. Following an early settlement conference, the parties filed a joint notice of liability settlement (Doc. 35) on January 19, 2023.

The parties could not come to an agreement on Plaintiff's attorneys' fees and costs. Defendants do not dispute that Plaintiff is the prevailing party and entitled to recover reasonable attorneys' fees and costs. The only dispute is what amount is reasonable. Plaintiff's original request was for $10,177.10 in fees and $834.30 in costs. After considering Defendants' Response in Opposition (Doc. 39), Plaintiff voluntarily reduced her request to $9,787.10 in fees and $609 in costs. The parties agree $609 in costs is appropriate. As to Plaintiff's fee request, only a few arguments remain for the Court to resolve.

## II. LEGAL STANDARD

In determining a reasonable attorneys' fee award in FLSA and AMWA cases, the starting point is the lodestar, which multiplies the number of hours reasonably expended by a reasonable hourly rate. Then, "in extraordinary circumstances" the Court may adjust the lodestar, but "there is a strong presumption that the lodestar is sufficient." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010). In determining whether such extraordinary circumstances exist, the Court "may consider other factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), though it should note that many of these factors usually are subsumed within the initial calculation

of hours reasonably expended at a reasonable hourly rate."[2]  *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983).

"The purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Morales v. Farmland Foods, Inc.*, 2013 WL 1704722, at *5 (D. Neb. Apr. 18, 2013) (citing *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994)).  "A reasonable fee is one that is adequate to attract competent counsel, but does not produce windfalls to attorneys." *Vines v. Welspun Pipes, Inc.*, 2020 WL 3062384, at *3 (E.D. Ark. June 9, 2020) (quoting *Hendrickson v. Branstad*, 934 F.2d 158, 162 (8th Cir. 1991)) (modifications adopted).  "An attorney fees award under a fee-shifting statute should be comparable to what is traditionally paid to attorneys who are compensated by a fee-paying client." *Morales*, 2013 WL 1704722, at *7 (citing *Missouri v. Jenkins*, 491 U.S. 274, 287 (1989)). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

A district court has discretion to determine the number of hours to be awarded when conducting the lodestar calculation.  *See Fires v. Heber Springs Sch. Dist.*, 565 F.

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–19.

App'x 573, 576 (8th Cir. 2014) (reviewing the district court's decision to classify hours as excessive for abuse of discretion and "giving due deference to the district court's unique understanding of the legal and factual issues implicated by this matter and counsel's handling of them"). In exercising this discretion, the court "should weigh the hours claimed against [the court's] own knowledge, experience, and expertise of the time required to complete similar activities." *Gilbert v. City of Little Rock*, 867 F.2d 1063, 1066 (8th Cir. 1989) (quotation omitted).

### III. DISCUSSION

#### A. Reasonable Hourly Rate

Although Defendants do not articulate a rate challenge, the Court has an independent responsibility to ensure the rates are reasonable in the current market area. Plaintiff recognizes that this Court and others have regularly reduced the Sanford Law Firm's requested rates. *See* Doc. 38, p. 15. Attorney Josh Sanford, the named partner of the firm and its senior attorney, requests a rate of $383. This rate is not the prevailing rate for an attorney of Mr. Sanford's ability and experience in this subject matter, or in other matters of similar complexity. The Court therefore reduces his rate to $300. Similarly, the Court reduces the requested rate for Patrick Wilson and Vanessa Kinney from $300 to $250 and Rebecca Matlock from $250 to $225. The paralegal rate of $100 is reduced to $75 and the law clerk rate of $75 is reduced to $25. Requested rates for the remaining attorneys are reasonable.

#### B. Number of Hours Reasonably Expended

Defendants first argue that Plaintiff's attorneys should have never billed $886 related to the unsupported ACRA claim against Joseph Hatfield, including work on

Hatfield's motion to dismiss, the first amended complaint, and Defendants' answers. Plaintiff concedes this billing was inflated and reduced their request by $390. In reviewing the parties' thorough briefing on this issue, the Court agrees with Defendants that all billing related to the ACRA claim is unreasonable. In addition to Plaintiff's agreed reduction, the Court strikes 1.1 hours of Vanessa Kinney's time, 0.2 hours of Josh Sanford's time, and 0.3 hours of Patrick Wilson's time from the bill.[3]

Defendants next argue that Plaintiff should not have billed for work on unsent discovery requests. The Court agrees and strikes 0.9 paralegal hours from the bill.

Defendants' final argument is that attorney Vanessa Kinney billed for duplicative work. On November 4, 2022, Kinney claims she reviewed Top Shot's renewed motion to dismiss and drafted her renewed response to the motion, billing 1.3 hours for that work. In comparing Plaintiff's original response to the renewed response, the Court found the documents practically identical. The Court finds billing 1.3 hours of work for this task was unreasonable, and that 0.5 hours of work—at most—was required. Therefore, the Court strikes 0.8 of Kinney's time from the bill.

In sum, the Court approves of the following total rates and hours:

| Attorney | Rate | Hours | Value Claimed |
|---|---:|---:|---:|
| Josh Sanford | $300 | 7.5 | $2,250 |
| Patrick Wilson | $250 | 3.3 | $825 |
| Vanessa Kinney | $250 | 9.4 | $2,350 |
| Rebecca Matlock | $225 | 2.5 | $563 |
| Courtney Lowery | $190 | 2.2 | $418 |
| Samuel Brown | $150 | 1 | $150 |
| Paralegal | $75 | 10.7 | $803 |
| Law Clerk | $25 | .2 | $5 |
|  |  | **TOTAL** | **$7,363** |

---

[3] Defendants also request a $250 reduction for "duplicative efforts" of attorney Wilson, who withdrew from this matter in November 2022. (Doc. 39, p. 8). The Court finds that reductions related to the ACRA claim have eliminated any duplicative billing from Wilson.

## IV. CONCLUSION

For the reasons given above, Plaintiff's Motion for Attorneys' Fees (Doc. 37) is **GRANTED IN PART AND DENIED IN PART**. The Sanford Law Firm is entitled to $7,363 in fees and $609 in costs from Defendants.

**IT IS SO ORDERED** on this 25th day of April, 2023.

                                                                           _____
                                                                           TIMOTHY L. BROOKS
                                                                           UNITED STATES DISTRICT JUDGE